GOULD, Circuit Judge,
dissenting in part:
I concur in Part I of the memorandum disposition, but I respectfully dissent from Part II because the intentional infliction of emotional distress (“IIED”) claim should not have been dismissed under Federal Rule of Civil Procedure 12(b)(6). Sohail Masood (“Masood”) alleged a “special relationship” between himself and Parveen Saleemi (“Saleemi”): They are siblings, and Masood alleged that Saleemi acted as a fiduciary in accepting Masood’s money for the purpose of taking care of their mother. Saleemi owed Masood more of a duty to “refrain from subjecting the victim to abuse, fright, or shock than would be true in arm’s-length encounters among strangers.” Delaney v. Clifton, 180 Or.App. 119, 41 P.3d 1099, 1106 (2002). In light of that relationship and the outrageous conduct alleged by Masood, Masood has stated an IIED claim under Oregon law. The IIED claim should have proceeded for factual *157 development, then for assessment under the usual standards for summary judgment, and if there was a genuine issue of material fact, for trial.